IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | CRIMINAL NO. G-00-13 (01) |
| § | CIVIL ACTION NO. G-05-270 |
| FRANK ESPINOSA § | |

<u>REPORT AND RECOMMENDATION</u>

    Before the Court is the recharacterized Section 2255 motion of Frank Espinosa, one of the named Defendants in this cause. Espinosa seeks authorization to file an out-of-time appeal. Having given Espinosa's motion preliminary review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, this Court now issues its Report and Recommendation to the District Court.

    On June 1, 2000, Espinosa made his Initial Appearance before this Court following his arrest on a Complaint charging him with drug trafficking. This Court determined that Espinosa was indigent and appointed Matt Alford to represent him. On June 22, 2000, Espinosa was indicted for two counts of cocaine trafficking. On September 12, 2000, the Government filed a Notice of its intent to prove Espinosa had previously been convicted of two felony drug cases, thereby exposing Espinosa to a mandatory life sentence. 21 U.S.C. § 841(b)

    On September 13, 2000, Espinosa appeared before this Court and pleaded guilty to Count 1 of the Indictment pursuant to a Plea Agreement with the Government. Under the terms of the Agreement the Government agreed to dismiss Count 2, not to oppose a three-level reduction of Espinosa's base offense level for his acceptance of responsibility, and to consider filing a § 5K1.1 motion for a downward departure if Espinosa's cooperation merited it. In return, Espinosa

agreed, inter alia, to waive his right to appeal except from a sentence imposed above the applicable statutory maximum or as a result of a upward departure not recommended by the Government. (Plea Agreement, Instrument no. 18 pp. 6-8)  Espinosa's guilty plea was accepted by the District Court, without objection, on October 5, 2000.  At Sentencing, on December 19, 2002, the Government fulfilled its promises:  it moved to dismiss Count 2, it did not oppose the three-level reduction and it moved for a downward departure.  The District Court granted the Government's motion for downward departure and sentenced Espinosa to a term of 216 months.  The Judgment and Sentence was entered on January 7, 2003.  Espinosa did not file an appeal and his conviction, therefore, became final on Friday, January 17, 2003.  On March 9, 2005, he initiated the instant proceedings by depositing his "Motion for Out-of-Time Appeal" in the prison mail system.  See Houston v. Lack, 487 U.S. 266 (1988)

In the instant motion Espinosa seeks an Order of the District Court authorizing an out-of-time appeal.  He alleges that, at Sentencing, the Court "unequivocally instructed (him) that he had a right to appeal."  He further alleges that he personally told Alford that he wanted to appeal during a telephone call the day after his sentencing, but Alford refused to file a Notice of Appeal on his behalf.  He therefore bases his claim on Alford's alleged ineffective assistance.  In an affidavit submitted by Alford, Alford states that Espinosa's allegations are completely false.  Accordingly, the Court will consider the viability of Espinosa's motion.

Espinosa's motion appears to be time-barred.  Under 28 U.S.C. § 2255, a movant is required to file his motion within one-year of the date upon which his conviction became final. Espinosa, therefore, had until Tuesday, January 20, 2004, to file this action; his March 9, 2005, filing was too late.  Espinosa does not allege that any illegal or unconstitutional governmental

2

action prevented him from timely filing. Nor does he qualify for equitable tolling of the limitations period. Equitable tolling is reserved for "rare and exceptional circumstances," Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), however, neither a litigant's unfamiliarity with the legal process nor his lack of legal representation during the applicable filing period warrants equitable tolling. Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999)  According to Espinosa, he knew Alford was not going to file a Notice of Appeal one day after his sentencing. Nevertheless, Espinosa waited over two years to file the instant motion. Equitable tolling is not available to "those who sleep on their rights." Fisher v. Johnson, 174 F.3d 710, ____ (5th Cir. 1999)

     Limitations aside, Espinosa is presently asking for the restoration of a right he long ago voluntarily relinquished in his Plea Agreement. The written Plea Agreement contains a clear waiver-of-appeal provision. At his Rearraignment, Espinosa was fully informed of this waiver and he informed this Court that he understood its consequences. And, contrary to Espinosa's current allegations, the District Court did not "unequivocally" tell Espinosa he could appeal; the Court made it very clear the Espinosa's rights in that regard were limited by the Agreement. At sentencing, the Court did not impose a sentence above the statutory maximum and it did not upwardly depart from the guidelines. In fact, as stated above, the Court granted Espinosa a downward departure. Hence, neither exception to Espinosa's waiver and he is, therefore, bound to his obligation under the Plea Agreement. See United States v. McKinney, 406 F.3d 744, 747 (5th Cir. 2005)  Espinosa freely and voluntarily waived his right to appeal and he cannot revive it now.

action prevented him from timely filing. Nor does he qualify for equitable tolling of the limitations period. Equitable tolling is reserved for "rare and exceptional circumstances," Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), however, neither a litigant's unfamiliarity with the legal process nor his lack of legal representation during the applicable filing period warrants equitable tolling. Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999)  According to Espinosa, he knew Alford was not going to file a Notice of Appeal one day after his sentencing. Nevertheless, Espinosa waited over two years to file the instant motion. Equitable tolling is not available to "those who sleep on their rights." Fisher v. Johnson, 174 F.3d 710, ____ (5th Cir. 1999)

     Limitations aside, Espinosa is presently asking for the restoration of a right he long ago voluntarily relinquished in his Plea Agreement. The written Plea Agreement contains a clear waiver-of-appeal provision. At his Rearraignment, Espinosa was fully informed of this waiver and he informed this Court that he understood its consequences. And, contrary to Espinosa's current allegations, the District Court did not "unequivocally" tell Espinosa he could appeal; the Court made it very clear the Espinosa's rights in that regard were limited by the Agreement. At sentencing, the Court did not impose a sentence above the statutory maximum and it did not upwardly depart from the guidelines. In fact, as stated above, the Court granted Espinosa a downward departure. Hence, neither exception to Espinosa's waiver and he is, therefore, bound to his obligation under the Plea Agreement. See United States v. McKinney, 406 F.3d 744, 747 (5th Cir. 2005)  Espinosa freely and voluntarily waived his right to appeal and he cannot revive it now.

For the foregoing reasons, any factual differences arising from Espinosa's allegations and Alford's averments are rendered moot.

It plainly appears from the Motion and the record of prior proceedings that Espinosa is not entitled to relief and it is, therefore, the RECOMMENDATION of this Court that his Motion under 28 U.S.C. § 2255 (Instrument no. 82) be DISMISSED in its entirety.

The Clerk SHALL send copies of this Report and Recommendation to the Parties. The Parties SHALL have until July 15, 2005, in which to have written objections physically on file in the Office of the Clerk. <u>The Objections SHALL be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.</u> Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time SHALL bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

DONE at Galveston, Texas, this ___16th___ day of June, 2005.

John R. Froeschner
United States Magistrate Judge